## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**AMANDA HARDWICK,**

    **Plaintiff,**

**vs.**                                                                           **No. 13cv571 MV/CG**

**UNITED STATES DISTRICT COURT,**

    **Defendant.**

### MEMORANDUM OPINION AND ORDER DISMISSING CASE

THIS MATTER comes before the Court on pro se Plaintiff Amanda Hardwick's *Application to Proceed in District Court Without Prepaying Fees or Costs* (hereinafter called "motion to proceed IFP"), filed June 17, 2013 (Doc. 2); and on the Court's concomitant obligation "to review the affidavit and screen her case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't Of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Screening the case under § 1915(e) includes determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. Thus, even if a plaintiff is indigent, if a complaint that a plaintiff seeks to file without prepaying filing fees fails to state a claim on which relief may be granted, it must be dismissed. *See* § 1915(e)(2)(B); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n. 5 (10th Cir. 2006) (noting that dismissal of such complaints is now mandatory).

    **I.**    **Applicable standards.**

In screening the complaint, the Court resolves the issue whether the complaint states a claim

on which relief may be granted by applying the same standards used in resolving motions to dismiss for failure to state a claim brought under FED. R. CIV. P. 12(b)(6). *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). This means that the Court must

> look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' factual allegations in a complaint must be enough to raise a right to relief above the speculative level. In addition, [the Court] must construe a pro se [] complaint liberally.

*Id.* at 1218 (internal quotation marks, original brackets, and citations omitted).

## II.     Ms. Hardwick has failed to establish indigency.

Ms. Hardwick, who is 31 and has attended two years of college, states that she receives $2088/month in welfare assistance and has no dependents. *See* Doc. 2 at 2-3. She pays nothing for rent or utilities and lives with a friend, and she also owns a travel trailer. *See id.* at 1, 3, 4. Although she is not currently working, Ms. Hardwick states that she spends $500/month on clothing and $140/month for transportation, *see id.* at 4, which are both excessive under the circumstances. Ms. Hardwick states that she spends $174/month on food, but she does not indicate whether she receives food stamps to cover this expense. *See id.* Her health-care expenses are covered by the State's Blue-Cross/Blue-Shield insurance health pool, for which she pays $81/month, *see id.*, but which also may be paid for by the government. In short, on the income and expenses submitted, Ms. Hardwick has not established that she meets the indigency requirement for proceeding IFP. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (holding that, to proceed IFP, a litigant must show that she "cannot because of [her] poverty pay or give security for the costs . . . and still be able to provide [her]self . . . with the necessities of life").

But even if Ms. Hardwick were indigent, as discussed below, the Court would not grant permission to proceed IFP.

**III.     Ms. Hardwick has not stated a cognizable claim for relief against this Court.**

In the style and in the body of her Complaint, which is written on an inapplicable form complaint provided to pro-se plaintiffs to bring actions against a state actor who has violated a plaintiff's constitutional rights under 42 U.S.C. § 1983, Ms. Hardwick has named the "United States District Court" as the only Defendant. *See* Compl. at 1. Her allegations are sparse, but it seems clear that Ms. Hardwick is attempting to force this Court to file, on her behalf, either an appeal or a civil action against the Social Security Administration ("SSA") because Ms. Harwick's applications for social security benefits, which were filed in 2008 or 2009, have been denied. *See* Compl. at 2, 4, 5. The Complaint is silent regarding when her applications were denied, and she does not indicate whether she appealed that decision to the SSA Appeals Council, although she does mention that she "went to an appeal in Roswell." *Id.* at 4. Ms. Hardwick has attached to her complaint many pages of her medical records showing that she has hepatitis C and recently had a liver biopsy, but she attaches nothing showing that she was denied social-security benefits in a final order issued by the Appeals Council. In a separate letter, she states that she is currently trying to reapply for SSI benefits. *See* Doc. 3 at 2.

Insofar as the Court could interpret Ms. Hardwick's Complaint as a petition for a writ of mandamus (because she is suing the Court), it is clear that she is not entitled to relief. If an individual seeks to compel a federal district court to take a particular action, she must file a petition for mandamus in the proper appellate court. *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 308 (1989). And for mandamus to issue, there must be a "clear and undisputable" right to the relief sought, and a plainly defined duty "to exercise its authority." *Id.* The petitioner must show that the court's refusal to act is a "clear abuse of discretion, or conduct amounting to usurpation of the judicial power, to be entitled to issuance of the writ. To ensure that

mandamus remains an extraordinary remedy, petitioners must show that they lack adequate alternative means to obtain the relief they seek." *Id.* at 309 (internal quotation marks, brackets, and citations omitted).  Clearly, Ms. Hardwick has failed to file the petition for a writ of mandamus- if it is construed as one - in the correct court and she has further failed to allege that this Court has any duty to file an appeal on her behalf.  It seems clear that, instead of desiring to file a petition for a writ of mandamus, Ms. Hardwick is simply unacquainted with the proper way to appeal from an adverse SSA ruling.

To appeal a final ruling of the SSA, an appellant must have received a written final ruling from the Appeals Council and must file a petition for review in this Court that names Carolyn W. Colvin, the Acting Commissioner of Social Security, as the Defendant.  The petition should include the name Ms. Hardwick used in the SSA proceedings, the case number, and the type of relief she was requesting, the last four digits of her social security number, and the date of the adverse decision of the Administrative Law Judge that has been upheld on administrative appeal.  The petition should allege that the Defendant's action either was not supported by substantial evidence in the medical record and/or that it was contrary to law or regulation, and explain the reasons why the decision was deficient.  The petition should request reversal of the decision and a determination of disability or, alternatively, a remand for further administrative proceedings to correct the errors in the decision.

Because it appears that she is not indigent, Ms. Hardwick must pay the filing fee and request a summons, and have the summons and complaint served on the Commissioner, the United States Attorney, and the Attorney General, in accordance with Fed. R. Civ. P. 4(c) and (i).  Of course, Ms. Hardwick would be wise to seek the counsel of an attorney experienced in these matters, who could seek an award of an attorney's fee and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, if Ms. Hardwick prevails.  As it appears that Ms. Hardwick has resubmitted her

application for benefits, however, the wiser course may be to request an attorney's assistance in those proceedings at this time, especially if she did not timely file a petition for review of the denial of her benefits.

**IT IS ORDERED** that Ms. Hardwick's motion to proceed ifp [Doc. 2] is DENIED and her complaint is DISMISSED without prejudice.

DATED this 31st day of July, 2013

_____
**MARTHA VAZQUEZ**
**United States District Court Judge**.